# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * *
                                  *
AURORA MILITARY HOUSING, LLC,     *
et al., and AETC II PRIVATIZED    *
HOUSING, LLC, et al.,             *   Nos. 21-2182C; 22-345C; 22-346C;
                                  *   22-348C; 22-349C; 22-350C; 22-
            Plaintiffs,           *   351C; 22-352C; 22-353C; 22-354C;
                                  *   22-355C; 22-356C; 22-357C; 22-
      v.                          *   358C; 22-359C; 22-360C; 22-361C;
                                  *   22-362C; 22-363C
UNITED STATES,                    *   Filed: July 7, 2024
                                  *
            Defendant.            *
                                  *
* * * * * * * * * * * * * * * * *
```

# O R D E R

The court is in receipt of the defendant's July 3, 2024 submissions, in both <u>Aurora Military Housing, LLC, et al. v. United States</u>, Case No. 21-2182C, and in <u>AETC II Privatized Housing, LLC, et al. v. United States</u>, Case No. 22-345C, and the consolidated cases, in response to the court's June 7, 2024 Order and the plaintiffs' proposals on how to proceed. In this court's June 7, 2024 Order, the parties were instructed as follows:

> In order to complete, and compile, the necessary record to resolve the cases during further proceedings, counsel for plaintiffs and defendant, working with representatives for the entities they each represent, shall inventory each of the cases separately and submit to the court, individually, a list of the issues of fact and law in each case, and for each plaintiff; a list of relevant documents and attachments and/or appendices to each case which are currently in the record, together with ECF docket numbers and identify when documents or attachments are provided in full, or where only select excerpts of documents are provided; a list of missing documents, in each case, to be submitted to the court in order to resolve the individual cases; indicate whether discovery is necessary, and in which cases, whether expert discovery is required, and the amount of time necessary to complete discovery and complete the necessary record. If it facilitates the process for creating the inventory, the parties may engage in informal document exchanges.

Defendant has submitted an initial inventory of the record currently before the court in each case. After a review of the defendant's submitted inventory of the record in each case, the court has identified the following non-exhaustive list of issues with defendant's inadequate submission:

- Applicable to all of the individual cases, for example, defendant does not address, identify, or explain, if there are two or more versions of any relevant project document, if the project documents are amended, restated, and or superseded in their entirety. For example, according to the De Luz Lockbox Agreement, at page 5 in <u>De Luz Housing, LLC, et al. v. United States</u>, Case No. 22-351C, the First Amendment to the Business Agreement was dated May 1, 2002, but the First Amendment to the Business Agreement was not provided by plaintiffs or defendant, and is not identified as a missing document in the defendant's inventory of the record in <u>De Luz Housing, LLC, et al. v. United States</u>, Case No. 22-351C.

- In the defendant's inventory of <u>AETC II Privatized Housing, LLC, et al. v. United States</u>, Case No. 22-345C, defendant lists the "AETC II Solicitation" as a document provided in full, under ECF 1-1 of that case, even though consolidated plaintiffs, in the consolidated plaintiffs' July 1, 2024 submission and inventory of cases, list the same document as follows: "Solicitation, ECF 1-1 at 105-120 (provided in part)." Additionally, in the same case, <u>AETC II Privatized Housing, LLC, et al. v. United States</u>, Case No. 22-345C, defendant, in its inventory, has not identified and listed as a relevant project document, the AETC II Amended & Restated Lockbox Agreement dated February 1, 2017, provided only in part, and not in full, and filed with the court by defendant in the defendant's February 7, 2023 submission, as Attachment A. Further, although defendant, in its omnibus Motion to Dismiss the consolidated plaintiffs' complaints asserts that the Lease of Property at Columbus Air Force Base is identical to the other five Air Force base leases of property, also states that each of the six Air Force base leases of property are provided in full in the record, but does not identify that the Exhibit titled ("Definitions") for each of the other five base leases of property, does not appear to be in the record currently before the court.

- In the defendant's inventory of <u>Air Force Academy Military Communities, LLC v. United States</u>, Case No. 22-346C, as in <u>AETC II Privatized Housing, LLC, et al. v. United States</u>, Case No. 22-345C, defendant lists the "AFA Solicitation" as a document provided in full, under ECF 1-1 of that case, even though consolidated plaintiffs, in the consolidated plaintiffs' July 1, 2024 submission and inventory of cases list same document as follows: "Solicitation, ECF No. 1-1 at 55-62 (provided in part)."

- In <u>The Properties at Wright Field, LLC, v. United States</u>, Case No. 22-363C, the Lease of Property in that case lists as Exhibit F the Lockbox Agreement. In the consolidated plaintiffs' July 1, 2024 submission and inventory of cases, the consolidated plaintiffs list the Wright Lockbox Agreement as a document "to be submitted for the record." Defendant, in its inventory of the record in this case, however, does not list the Lockbox Agreement as a document either currently before the record, or as a missing document.

Additionally, as explained in this court's June 7, 2024 Order:

After the individual cases are inventoried, plaintiffs and defendant, and their clients, each shall create organizational charts indicating which cases raise

2

identical issues of law, and identical or similar issues of fact, other than location of the projects, and indicate which cases share common documentation; in order to assist the parties initially, and then the court, to determine how to proceed to resolve the cases, including to decide which case, or cases, to address first or whether representative cases can be identified.

In its July 3, 2024 response, defendant stated:

In attachment C [to the defendant's July 3, 2024 response], we have grouped the cases based upon similarities in core contract documents, BAH [basic allowance for housing] definitions, and whether plaintiffs allege that a limited liability agreement created a partnership with the Government. Because each military branch uses similar contract documents, the cases remain grouped by service, and at least one complaint in each service alleges that plaintiffs have a partnership with the Government. Given the shared legal and factual issues among all cases, as illustrated in attachment B, we propose that the Court select two cases from Group 1, either <u>AETC II [Privatized Housing, LLC, et al. v. United States</u>, Case No.21-2182C] or <u>Robins [Air Force Base Properties II, LLC, et al. v. United States</u>, No. 22-361C] (both of which allege a partnership and directly reference 37 U.S.C. Chapter 7, Section 403) and a case from Group 1 that neither alleges a partnership nor directly references Section 403 (i.e., Wright [<u>The Properties at Wright Field, LLC v. United States</u>, No. 22-363C]); one case from Group 2; and two cases from Group 3 (one that alleges a partnership and another that does not) as representative cases, staying all other cases pending resolution of plaintiffs' claims in those representative cases. Resolution of those representative cases will be dispositive of the legal and factual issues raised in the matters that are stayed. This approach conserves judicial resources, minimizes litigation costs, and ultimately expedites resolution of plaintiffs' claims.

(alterations added). Nevertheless, defendant proposed a grouping by service branch, with either one or two cases from each service branch serving as representative cases. In Attachment C of the defendant's July 3, 2024 submission, defendant in each of the proposed groupings lists the "Core Project Documents;" a definition of the basic allowance for housing; and whether the cases include a partnership between the plaintiff or plaintiffs in each case and the government. For example, in Attachment C of the defendant's July 3,2024 submission, defendant provides the following definition from the Lease of Property of the basic allowance for housing in <u>The Properties at Wright Field, LLC v. United States of America</u>, Case No. 22-363C: "BAH means 'with dependents, or such other sum as is allotted to each service member by the Government to cover the cost of housing to be used as a personal residence, as such amount is established and published by the Government in the Federal Register or elsewhere.'" (citing the Wright Lease of Property Agreement at ECF 22-2 in Case No. 22-345C). As discussed above, however, consolidated plaintiffs, in the consolidated plaintiffs' July 1, 2024 submission

3

and inventory of cases, list the Wright Lockbox Agreement as a document not currently before the court in The Properties at Wright Field, LLC v. United States of America, Case No. 22-363C. Therefore, it is unclear whether The Properties at Wright Field, LLC v. United States of America, Case No. 22-363C, is representative of cases that do, or do not, expressly reference the basic allowance for housing statute at 37 U.S.C. § 403 as not all of the project documents in The Properties at Wright Field, LLC v. United States of America, Case No. 22-363C, are currently before the court.

Furthermore, the defendant lists, in Attachment C of its July 3, 2024 submission, as the core project documents in AETC II Privatized Housing, LLC, et al. v. United States, Case No. 21-2182C, the "Property Lease," "Operating Agreement," "Lockbox Agreement," and "LLC Operating Agreement." Notably, however, Condition 16 ("Selected Proposal") of each of the six Air Force base leases of property in AETC II Privatized Housing, LLC, et al. v. United States, Case No. 21-2182C, appear to expressly incorporate the selected proposals into the leases, and Condition 19 ("Operation and Maintenance") of each of the six Air Force base leases of property state the below paragraph verbatim, or in near identical language:

> The Lessee agrees to operate and manage a rental housing development on the Leased Premises in accordance with the terms of this Lease, the Selected Proposal, the Master Development and Management Agreement and the Project Operating Agreement. The Lessee shall operate and maintain each housing unit that is occupied as of the Term Beginning Date in habitable condition until such time as a housing unit is vacated to accommodate Lessee's demolition and construction schedule; provided that prior to the Base Project Completion Date the Lessee may require that Tenants vacate existing units to accommodate its demolition and construction schedule so long as the Lessee makes available for occupancy at all times under this Lease the minimum number of units specified in this Lease.

(emphasis added). Based on the above language, it appears that the core documents in AETC II Privatized Housing, LLC, et al. v. United States, Case No. 21-2182C, include, at least in addition to the defendant's listed core project documents, the six individual solicitations, as well as the Master Development and Management Agreement. In two other cases, Hunt Southern Group, LLC v. United States, Case No. 22-348C, and BLB Privatized Housing, LLC, v. United States, Case No. 22-349C, the leases of property for the Air Force bases in those cases also identify a Master Development and Management Agreement. The defendant has not addressed whether AETC II Privatized Housing, LLC, et al. v. United States, Case No. 22-345C, Hunt Southern Group, LLC v. United States, Case No. 22-348C, and BLB Privatized Housing, LLC, v. United States, Case No. 22-349C, are factually similar to the other Air Force cases which defendant lists in Group 1 of its Attachment C, and whether such differences may, or may not, impact the groupings of the Air Force cases that the defendant proposes. Furthermore, defendant has only listed one definition or provision, a definition for basic allowance for housing, as a factual or legal similarity between the cases in each grouping, and has not indicated any other

provisions that may or may not support such groupings, such as, but not limited to, the definitions of Project Documents in each case, dissimilar definitions of the basic allowance for housing when, if applicable, there is more than one definition found amongst the project documents within a single case, or if there is a Governing Law or Conflict of Laws provision that might affect the interpretation of the agreement and collective contract project documents, in each case.

On or before **Friday, July 12, 2024, at 10:00 a.m., EDT**, defendant shall file a supplemental submission regarding its inventory of the record of each case, ensuring both accuracy and specificity, in identifying documents that are before the court in full or only in part, and if there are possibly relevant documents not yet before the court, including if there are two or more amended, restated, and or superseded versions of a project document. Additionally, defendant shall more fully develop and explain its proposed groupings of the cases, identifying the factual and legal issues in each case, within each grouping, with reference to the express provisions of the project documents or other pertinent documents in each case, to support why the defendant's July 3, 2024 grouping proposal is appropriate.

**IT IS SO ORDERED**.

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**